WYNN, Circuit Judge,
concurring in the judgment:
This Court’s review of jury instructions entails a relatively simple inquiry: whether the district court’s instructions, construed as a whole, accurately informed the jurors of the controlling law without misleading or confusing them. In this case, the district court was free to — and perhaps should have — instructed the jury to the effect that force used at the beginning of an encounter may not be justified later if the justification for the initial use of force has been eliminated. Nevertheless, the charge that the district court did give accurately stated the controlling law. For this reason, and because I agree with my colleagues’ analysis as to the other issues on appeal, I concur in the judgment.
I.
In this appeal, the Noels challenge, among other things, aspects of the district court’s jury instructions. “Both the decision to give (or not to give) a jury instruction and the content of an instruction are reviewed for abuse of discretion.” * United States v. Russell, 971 F.2d 1098, 1107 (4th Cir.1992). Through this deferential lens, we look to “whether the district court’s instructions, construed as a whole, properly informed the jury of the controlling legal principles without misleading or confusing the jury.” Hartsell v. Duplex Prods., 123 F.3d 766, 775 (4th Cir.1997). Stated differently, “[s]o long as the charge is accurate on the law and does not confuse or mislead the jury, it is not erroneous.” Hardin v. Ski Venture, Inc., 50 F.3d 1291, 1294 (4th Cir.1995). This simple inquiry is the heart of our review on an instruction appeal.
Given the nature of our inquiry, it is not surprising that “[district courts are necessarily vested with a great deal of discretion in constructing the specific form and content of jury instructions.” Id. at 1293. Accordingly, a district court “is not required to comment on specific evidence in the course of giving a jury instruction .... ” Id. at 1294. “Similarly, courts must have the flexibility in instructions to *594 avoid confusing or prejudicial statements that might arise from a discussion of the specific contentions in a case.” Id. at 1294-95. And a district court, in its broad discretion, is free to craft instructions by-looking to this Court’s opinions — so long as it does so in a manner that is faithful to the language of those opinions and accurately characterizes applicable law. Cf. Justice v. Dennis, 793 F.2d 573, 576-78 (4th Cir.1986), vacated on other grounds, 490 U.S. 1087, 109 S.Ct. 2461, 104 L.Ed.2d 982 (1989).
II.
The Noels first argue that the district court erred in refusing to specifically instruct on the reasonableness of Officer Artson’s third and fatal shot in light of Waterman v. Batton, 393 F.3d 471 (4th Cir.2005). Plaintiffs wanted the district court to instruct that:
According to the evidence the first two shots were fired close together and the third shot was fired later.... [Ejven if you decide that the initial use of force was reasonable ... you must consider whether the third shot was a reasonable use of force. The force used at the beginning of an encounter may not be justified even seconds later if the justification for the initial use of force has abated. With respect to the third shot as well, you must determine whether Mrs. Noel’s response or lack of response to Officer Artson’s three commands to move away from the gun justified Officer Artson’s shooting her a third time.
Instead of giving the requested instruction, the district court instructed the jury that:
a law enforcement officer may only employ that amount of force which is reasonably necessary under the particular circumstances surrounding the execution of the search warrant. Therefore, in
determining whether the plaintiffs have proven a deprivation of Ms. Noel’s Fourth Amendment rights, and a resulting loss or damages under this theory, you must determine whether the amount of force used against Ms. Noel exceeded that which a reasonable officer would have employed in executing a warrant under similar circumstances.
In this regard, you consider all of the attending and surrounding circumstances including the nature and severity of the crime at issue, whether Ms. Noel posed an immediate threat to the safety of any of the officers or others, and whether she was actively resisting or attempting to interfere with a lawful execution of the search warrant. The defendant, or the particular officer whose actions or omissions you are considering, need only have acted or failed to act within a range of conduct considered to be reasonable.
The district court’s instructions accurately stated the applicable law. See Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (outlining the reasonableness standard governing the right to be free from excessive force and noting that evaluating whether law enforcement has used excessive force “requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight”). The same cannot be said of the Noels’ proposed instruction.
In Waterman, on which the Noels’ instruction is admittedly based, this Court indicated that force must be justified throughout an encounter, stating:
*595 To simply view all of the force employed in light of only the information possessed by the officer when he began to employ force would limit, for no good reason, the relevant circumstances to be considered in judging the constitutionality of the officer’s actions. We therefore hold that force justified at the beginning of an encounter is not justified even seconds later if the justification for the initial force has been eliminated.
Waterman, 393 F.3d at 481. Instead of adhering to Waterman and its use of the word “eliminated,” the Noels’ proposed instruction used the amorphous “abated.” “If a [Waterman ] instruction is given, it must be faithful to [Waterman].” Justice, 793 F.2d at 577. This alone blocks the Noels from successfully arguing that the district court abused its discretion in refusing to give their proffered instruction. See id.; Lighty, 616 F.3d at 366 (noting that a district court will be reversed for refusing to give a proffered instruction, inter alia, when the requested instruction was “correct”).
Of course, the district court, in its broad discretion, could have altered the Noels’ proposed instruction to accurately reflect the Waterman holding. Giving such an instruction certainly would not have constituted an abuse of discretion — and may well have been desirable. Indeed, as this Court recently stated in a Section 1983 excessive force case, “precedent suggests that it is possible to parse the sequence of events as they occur; while a totality of circumstances analysis still remains good law, if events occur in a series they may be analyzed as such.” Brockington v. Boykins, 637 F.3d 503, 507 (4th Cir.2011) (citing Waterman, 393 F.3d 471, 477).
As noted in my colleagues’ opinion, the events at issue in this case took place in a sequence — even if that sequence occurred over a short span of time. Officer Artson entered the Noels’ bedroom and found Cheryl Noel holding a revolver. At that point, Officer Artson immediately fired two shots. Only after at least some amount of time had passed and Cheryl Noel had dropped her weapon did Officer Artson fire the third and fatal shot. While the parties dispute whether Cheryl Noel had moved her hand back toward her gun before the third shot was fired, the shots nevertheless occurred in a sequence. Under these circumstances, the district court could — and perhaps should — have instructed the jury that force justified at the beginning of an encounter is not justified later if the justification for the initial force has been eliminated. Waterman, 393 F.3d at 481. The district court’s decision not to do so, however, and the accurate, if more general, instructions that the court did give did not constitute an abuse of discretion.
III.
At the end of the day, this issue turns on neither the skill of the Noels’ attorney nor the number of people who put effort into trying the Noels’ case. Instead, the only relevant inquiry is whether the jury instructions pass muster. Here, they do. And while the district court was free to— and perhaps should have — given the jury a charge based on Waterman v. Batton to the effect that force used at the beginning of an encounter may not be justified later if the justification for the use of force has been eliminated, it was not an abuse of discretion for the district court to decline to do so. For this reason, and because I agree with my colleagues’ analysis on the other issues, I concur in affirming the district court’s judgment.

 A district court will be reversed for refusing to give a requested instruction only when the requested instruction "(1) was correct; (2) was not substantially covered by the court’s charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired” that party's ability to make its case. United States v. Lighty, 616 F.3d 321, 366 (4th Cir.2010) (internal quotation marks omitted).